UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LATOSHA M. KEYS,

                        Plaintiff,

      -vs-                      **No. 1:16-CV-00448 (MAT)**
                                               **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Latosha M. Keys ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is denied and the Commissioner's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on May 21, 2013, both of which were initially denied. Administrative Transcript ("T.") 93-114, 139-44, 199-206. Plaintiff took no further action on these claims. T. 17. On May 21, 2013, plaintiff filed additional applications for DIB and SSI, alleging disability from June 12, 2012, due to bipolar disorder, anxiety, dysthymic disorder, problems focusing, back issues, muscle spasms, and asthma. T. 207-19, 237. These applications were also initially denied. T. 139-50. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bruce R. Mazzarella on October 8, 2015, where plaintiff appeared with non-attorney representative Betty White. T. 46-92. On October 15, 2015, ALJ Mazzarella issued a decision in which he found that plaintiff was not disabled as defined in the act. T. 14-32. On April 6, 2016, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-4. This action followed.

## III. The ALJ's Decision

Initially, the ALJ determined that plaintiff met the insured status requirements of the Act through September 30, 2018. T. 19. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity from June 12, 2012, the

2

alleged onset date. *Id*. At step two, the ALJ found that plaintiff suffered from the severe impairments of back strain exacerbated by obesity and asthma. T. 20. The ALJ further found that plaintiff had non-severe impairments of history of headaches, anxiety disorder, dysthymic disorder, and cannabis abuse with recent relapse. *Id*. At step three, the ALJ found that, through the date last insured, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 21.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following additional limitations: can sit for two hours at one time; can sit for up to eight hours in an eight hour day with normal breaks and meal periods; can stand or walk for two hours at one time in an eight hour work day with normal breaks and meal periods; can lift and carry 50 pounds occasionally and 25 pounds frequently; should not engage in constant stooping, crawling, or kneeling; should not work in unventilated areas that contain high concentrations of dusts, fumes, gases, or vapors. *Id*.

At step four, the ALJ found that plaintiff had no past relevant work. T. 26. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national

3

economy that plaintiff could perform. *Id*. Accordingly, the ALJ found plaintiff not disabled. T. 27.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

In this case, plaintiff makes two related arguments in support of her motion for judgment on the pleadings. First, plaintiff contends that the ALJ failed to develop the record regarding her mental health treatment. Second, the plaintiff argues that, having failed to develop the record, it was inappropriate for the ALJ to discount the opinion of her treating psychiatrist Dr. Arvind Samant. For the reasons discussed below, the Court finds that the ALJ fulfilled his duty to develop the record and appropriately assessed Dr. Samant's opinion. Accordingly, plaintiff's request that this matter be remanded for further administrative proceedings is denied.

## I. The ALJ Made Reasonable Efforts to Develop the Record

"It is the rule in [the Second] [C]ircuit that 'the ALJ, unlike a judge in a trial, must . . affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) ((quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). In *Cruz v. Sullivan*, 912 F.2d 8 (2d Cir. 1990), the Second Circuit held that, in connection with the duty to develop the record, "when the ALJ rejects the findings of a treating physician because they were conclusory or not supported by specific clinical findings, he should direct a *pro se* claimant to obtain a more detailed statement from the treating physician." *Id*. at 12.

In this case, plaintiff's treating psychiatrist Dr. Samant completed an employability assessment of plaintiff on May 20, 2015. T. 292-93. Dr. Samant stated that plaintiff had been diagnosed with dysthymic disorder and bipolar disorder and was being treated with Prozac and Lamictal. T. 292. Dr. Samant opined that plaintiff was "very limited" in her abilities to understand and remember instructions, carry out instructions, maintain attention and concentration, make simple decisions, interact appropriately with others, maintain socially appropriate behavior without exhibiting behavioral extremes, and function in a work setting at a consistent pace. T. 292-93. In his decision, the ALJ afforded

5

"no significant weight" to Dr. Samant's opinion, in part because the treatment records supplied by Dr. Samant did not "support[] such extensive limitations." T. 25.

Plaintiff argues that this case is analogous to *Cruz*, and that remand is therefore required because the ALJ did not instruct her to seek a more detailed opinion from Dr. Samant. The Court disagrees. The holding in *Cruz* is addressed specifically to situations in which a claimant is proceeding *pro se*. Here, however, plaintiff was represented by Ms. White, a non-attorney. Plaintiff takes issue with Ms. White's performance, arguing that this was Ms. White's first case, she appeared to be unfamiliar with the hearing process, and she failed to cross-examine the vocational expert on plaintiff's behalf. However, plaintiff has not shown that Ms. White was unqualified to act as her representative.

*Doner v. Comm'r of Soc. Sec.*, 2017 WL 3172419 (N.D.N.Y. July 25, 2017) is instructive. In that case, as in this one, the plaintiff argued that the ALJ should have treated him as a *pro se* claimant because "his non-attorney representative did not provide adequate representation." *Id*. at *6. The *Doner* court explained that a non-attorney representative is not required to have any particular training, and that the qualifications set forth in the regulations are minimal, requiring only that the individual "is 'generally known to have good character and reputation,' [is] capable of 'giving valuable help' with the claim, is not suspended or disqualified from acting as a representative, and is not prohibited by law from acting as a representative." *Id*. (quoting

6

20 C.F.R. § 404.1705(b)). Accordingly, because the plaintiff could not identify "any important questions [the non-attorney representative] neglected to ask nor the information she failed to elicit," plaintiff failed to demonstrate that he should be treated as a *pro se* litigant.

Here, like in *Doner*, plaintiff has failed to demonstrate that Ms. White was unqualified to act as her representative or that she failed to elicit necessary information at the hearing. To the contrary, the ALJ specifically asked plaintiff if there was any information that Ms. White had failed to cover and plaintiff said no. T. 84. Plaintiff did express a desire for Ms. White to testify on her behalf, but the ALJ explained that was the function of a witness, not a representative. T. 84-85. Having reviewed the record, the Court finds that plaintiff has failed to demonstrate that Ms. White did not have the minimal qualifications necessary to serve as plaintiff's non-attorney representative. Accordingly, the standard set forth in *Cruz* for *pro se* parties does not apply here.

Moreover, the record shows that the ALJ in fact made substantial efforts to obtain medical records from Dr. Samant. The ALJ sent requests for evidence to Mid-Erie Counseling and Treatment (the practice with which Dr. Samant is associated) ("Mid-Erie") on both December 4, 2012 and December 5, 2012. T. 98, 108. Mid-Erie responding by providing medical records, including a letter from social worker Kim Jones and a treatment plan and medication list from Dr. Samant. T. 349-52. The ALJ followed up, requesting additional evidence from Mid-Erie on July 2, 2013 and July 12,

7

2013. T. 120, 409-428. Mid-Erie did not respond to these requests with any additional medical records.

The Court finds that the ALJ's efforts to obtain medical records from Mid-Erie/Dr. Samant were plainly reasonable. *See, e.g., Drake v. Astrue*, 443 F. App'x 653, 656 (2d Cir. 2011) (holding that the record demonstrated that the ALJ made reasonable efforts to develop the record where he sent letters to plaintiff's physicians requesting updated medical records and received "several pages of medical records" in response). In this case, like in *Drake*, Mid-Erie did in fact provide some medical records in response to the ALJ's request, and plaintiff has failed to provide evidence (as opposed to speculation) that this response was incomplete. Moreover, the ALJ then took the additional affirmative step of sending a follow-up requests to Mid-Erie, seeking additional information. Having received no response to these requests, it was reasonable and appropriate for the ALJ to conclude that Mid-Erie had provided all the information it had available.

Plaintiff also suggests that she may have received mental health treatment in the emergency room for which no records were obtained. However, and as the Commissioner notes, there is scant evidence that such treatment in fact occurred. Dr. Samant made no mention of any hospitalization in his employability assessment (*see* T. 406-407) and plaintiff gave inconsistent reasons for having allegedly gone to the emergency room (*see* T. 274, 291). At the hearing, plaintiff made no mention whatsoever of having been seen in the emergency room for mental health issues, despite extensive

8

questioning by the ALJ about her treatment. *See* T. 57-73. To the contrary, the only time plaintiff mentioned being seen in the emergency room was related to her asthma. T. 71. In short, plaintiff has not shown that she was in fact treated in the emergency room for mental health issues, or that the ALJ should have been on notice that records regarding such treatment were potentially missing. Significantly, plaintiff has not presented any evidence to the Court that such records exist.

For the foregoing reasons, the Court finds that the ALJ fulfilled his duty to develop the record in this matter. Accordingly, plaintiff has not demonstrated that remand is required.

**B. Assessment of Dr. Samant's Opinion**

Plaintiff has also argued that the ALJ erred in affording no significant weight to Dr. Samant's opinion. Again, the Court disagrees.

Dr. Samant was plaintiff's treating psychiatrist. Accordingly, and pursuant to the treating physician rule, the ALJ was required to give controlling weight to his opinion if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's

9

opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6).

Here, the ALJ gave no significant weight to Dr. Samant's opinion because (1) it was inconsistent with the consultative examinations of record, (2) it was completed in May 2015, but plaintiff had last been seen by Dr. Samant in October 2014, and (3) plaintiff's medical records did not support the extensive limitations identified by Dr. Samant. T. 25. These are appropriately articulated "good reasons" for the weight afforded to Dr. Samant's opinion.

First, with respect to the opinions of the consultative examiners, "[i]t is well settled that an ALJ is entitled to rely upon the opinions of consultative examiners, and such written reports can constitute substantial evidence." *Cichocki v. Astrue*,

2012 WL 3096428, at *6 (W.D.N.Y. July 30, 2012), *aff'd*, 729 F.3d 172 (2d Cir. 2013). Here, the ALJ noted that the opinions of the consultative examiners were supported by documentation of a mental status examinations and personal observations of plaintiff, and that the opinions were consistent with the evaluation results. T. 25-26. The ALJ did not err in relying on this evidence.

The ALJ also appropriately took into account the gap between the date plaintiff last treated with Dr. Samant and the date Dr. Samant issued his opinion. Indeed, the ALJ is specifically instructed by the regulations to take into account the "frequency of examination" by the treating physician in assessing his opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008); *see also Hemmer v. Colvin*, 2016 WL 7425906, at *4 (W.D.N.Y. Dec. 22, 2016) (ALJ properly considered the treating physician's sporadic treatment of plaintiff in assessing his opinion). Additionally, the ALJ has the discretion to reject a treating physician's opinion where it is "not supported by [his] own treatment notes or other substantial record evidence." *Gray v. Colvin*, 2015 WL 5005755, at *5 (W.D.N.Y. Aug. 20, 2015).

The Court finds no error in the ALJ's assessment of Dr. Samant's opinion, nor is it otherwise persuaded that the ALJ's decision was not based on substantial evidence. Accordingly, plaintiff has again failed to demonstrate that remand is required.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 11) is denied. The Commissioner's

11

motion for judgment on the pleadings (Docket No. 17) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                **S/Michael A. Telesca**
                                                HON. MICHAEL A. TELESCA
                                                United States District Judge

Dated:    September 29, 2017
            Rochester, New York.